JOHN HART *v.* LUCY GARDNER.

1. DEED.  *Life estate.*  "*Convey and warrant.*"  *Code* 1892, § 2479.

   Under § 2479, code 1892, the words "convey and warrant" are effect-ive "to transfer all the right, title, claim and possession" of the grantor only when an intention to convey a less estate is not ex-pressed in the deed.

2. SAME.  *Construction.*

   The proper end of all rules of construction is to effect the intention of the parties to the instrument, and this is true of deeds as well as of other writings.

FROM the circuit court of Hinds county, first district.

HON. ROBERT POWELL, Judge.

This was an action of ejectment for land in the city of Jack-son.   The case was tried by the court, a jury being waived, and was submitted upon an agreed state of facts.   The agree-ment was as follows:  "Lucy Gardner was the owner of the property described in the declaration August 14, 1895, and on that day she executed and delivered to Alex Williams the fol-lowing deed: 'In consideration of the sum of ten dollars cash, receipt of which is acknowledged, and the further consideration that A. Williams is to furnish me with food and clothing for the balance of my natural life, and to pay all taxes, both state and county and city, upon the property conveyed, I hereby convey and warrant to the said A. Williams the property de-scribed as follows: [Describing the property sued for.]   It being hereby understood that possession of said property is to be given at my death.   Should said Williams fail to supply me with wholesome food, and plain but suitable clothing, then

this deed to be void; otherwise, to remain in full force and effect.' The deed was duly acknowledged and recorded. After the filing and recording of said deed, a judgment was duly rendered in a justice of the peace court against Lucy Gardner, upon which an execution was issued and levy made on the land in controversy as the property of Lucy Gardner, and under that execution and levy said property was duly advertised and sold, the purchase money paid, and a proper deed made to the purchaser at said sale, which had been duly recorded. Afterwards, the purchaser executed and delivered a deed to said property to John Hart, for $100. Lucy Gardner is still alive, and Williams has paid her the ten dollars, and has otherwise complied with the conditions of his contract.'' There was a judgment in the court below for the defendant, and plaintiff appealed.

*Williamson & Potter*, for appellant.

The question in the case is the construction of the deed from Lucy Gardner to Alex Williams. Appellant contends that, under his deed, he is entitled to the possession of the lot during the lifetime of Lucy Gardner, and this question the court decided against him, from which judgment he appeals.

By the plain terms of the deed, possession of the property was withheld from Williams until the death of Lucy Gardner. To put the case in its strongest light, suppose Alex Williams had brought the action in ejectment against Lucy Gardner, could he have maintained his suit? The recital in the deed under which he claims, that '' possession of said property is to be given at my death,'' answers the question in the negative. Appellee, in the circuit court, relied upon the decision in *Robinson* v. *Payne*, 58 Miss., 692, in which the court held that the habendum clause could not convert an estate in fee simple, passed by the granting part of a deed, into a lesser estate. The rule was there called for and applied, because the deed expressed two repugnant intentions; the one or the other had to

give way, and the court held that it was a proper case for the application of a fixed rule of construction. But the court there says that rules of construction must give way where the deed shows the clear intention of the parties, and that "the intention must prevail whether it be discovered in the first or the last clause of the instrument." The deed here under consideration is an informal one, and it has no habendum clause. "The reservation by a grantor of the use and control of the granted premises during his life, creates in him a life estate, with all its incidents." 1 Washburn on Real Property, 122. And this estate is subject to sale under execution. 7 Am. & Eng. Enc. L., 127; code 1890, § 3498.

*Calhoon & Green*, for appellee.

The question is, what estate, if any, vendible under execution, did Lucy Gardner have in the land? The deed is in form a statutory one, so far as its grant, estate and warranty are concerned. Code 1892, § 2479. Under § 2479, "convey and warrant" have the statutory effect "to transfer all the right, title, claim, and possession of the person making it as can be done by any sort of conveyance." Hence, by the use of the word convey, the statute imported into the conveyance the words "all the right, title, claim, and possession" of the grantor. Thus, by the granting clause of the deed, in legal effect, was granted all the elements of title—right of property, right of possession and possession. And the use of the statutory word, "warrant," under code 1892, § 2480, operated, in legal effect, as a full covenant of warranty, whereby was expressed that the possession of the vendee would be maintained against all the world, including the true owner. *Green* v. *Irving*, 54 Miss., 450. Such being the necessary legal effect of the words "convey and warrant," used in the granting clause of the deed, it was incompetent for the grantor, by a subsequent clause, to deny that the granting clause vested the right of possession and possession in Williams, and to reserve

a life estate.   The manifest result of the two expressions is to produce repugnancy between the granting clause and the subsequent clause.   If the subsequent clause is given effect, that is, if by it possession is reserved during the life of the grantor, thus, in effect, creating and reserving a life estate in the grantor, it is clearly repugnant to the grant of the entire estate by the granting clause.   It is a grant of "all the right, title, claim, and possession " by the granting clause, and a limitation by way of reservation, whereby the grantor reserves a life estate.   Elphingston's Interpretation of Deeds, pp. 217, 218, thus states the rule: " Rule 66: If both the premises and the habendum contain different express limitations of the estate, the limitation in the habendum will, if possible, be considered as explanatory of that in the premises, but if the limitations are repugnant, they will be construed in the manner most beneficial to the grantee. "   " The habendum may extend, but not abridge, the estate limited in the premises. "   Washburn on Real Property, 390, states the rule to be: " If the language of the grant be definite in limiting the estate, and that of the habendum is clearly repugnant to the grant, the habendum yields to the terms of the grant. "

In *Robinson* v. *Payne*, 58 Miss., 708, this precise question was decided.   There, by the granting clause, an estate in fee was, by the use of apt words, granted to Mrs. Robinson, and by the habendum it was provided that she should have a life estate.   The court held that there was a clear repugnance, saying: " This seems plainly an attempt to convert the absolute fee conveyed by the granting clause into a life estate by the habendum, which cannot be done.   From the earliest times the decisions are uniform that, where there is a clear and manifest repugnance between the premise and the habendum clauses of the deed, the former must prevail. "

Whitfield, J., delivered the opinion of the court.

The only question presented by this record is whether the

grantor in the deed reserved a life estate. It is argued that because the use of the words "convey and warrant" has, under § 2479, code 1892, the effect, where the form of deed provided by that section is used, "to transfer all the right, title, claim, and possession of the person making it as can be done by any sort of conveyance," the use of these words in a deed containing other clauses clearly expressing the actual intent of the grantor is to have the same effect, notwithstanding such clearly expressed actual intent. The argument is that the law implies from the use of these words a grant of all the grantor's estate; and hence, these words occurring in the granting clause, the legal implication from their use is conclusive that the grantor intended to grant all the estate he had, and if, in the habendum, a different actual intent is expressed, the habendum is in conflict with the granting clause, and must be disregarded. The fault in this reasoning is that the rule has no application when the estate intended to be granted is not actually set forth in the granting clause, in words chosen by the grantor for that purpose, but is worked out by legal implication of the intent to convey a particular estate from the use of certain statutory words, and where, in addition, the estate intended to be granted is clearly shown elsewhere in the deed. The rule which required the habendum to yield to the granting clause when repugnant intents are expressed in the two as to the estate to be conveyed, is applicable only where these intents are both the actual intents of the grantor, and not intents arising by implication of law from the use of certain words to which the statute has affixed a certain meaning. The distinction is between the actual intent of the grantor, expressed in terms of his own, selected to declare that intent, and an intent merely implied by law. And this distinction is abundantly sustained by authority.

In Elph. Interp. Deeds, p. 216, rule 65, it is said: "If no estate be mentioned in the premises, the grantee will take nothing under that part of the deed except by implication and presumption of law. But, if an habendum follow, the intention

of the parties as to the estate to be conveyed will be found in the habendum, and consequently no implication or presumption of law can be made.''

In *Montgomery* v. *Sturdivant*, 41 Cal., 290, where the statute provided, as does ours (code 1892, § 2435), that a fee simple should pass without the use of words of inheritance unless a less estate was limited, and the granting clause conveyed a certain tract of land to ''Z. Montgomery and Ellen, his wife,'' habendum to them for their natural lives, remainder to the heirs of their bodies, and the rule was invoked to show a fee in Montgomery and his wife, the court said (page 296): ''If the habendum were entirely omitted, the deed in question would undoubtedly have conveyed an estate in fee simple, and it is therefore contended that the language of the habendum which attempts to limit the estate granted to a life estate is repugnant. Independently of the statute, the common law rule was that a deed like this, without the habendum, would convey a life estate only. The estate, though different, was just as definite as that under the rule of the statute. If the argument of counsel were correct, the result would have been that the grant could not have been enlarged by the habendum. Yet we all know that, where the formal parts of a deed are all used, this was the customary mode of conveying, and is still often followed. The rule of common law was only intended to apply to conveyances in which the extent of ownership of the grantee in the thing granted was not defined in the conveyance. The statute rule was merely intended to take the place of the common law rule. Neither was intended to override the expressed intention of the parties. The office of the habendum is to limit and define the estate which the grantee is to have in the property granted. It is not an essential part of a deed. No estate is limited in the granting part of the deed, but this is done in the habendum. The legislature did not intend to prohibit this form of conveyance, but merely to supply a rule of construction when the parties fail to define the estate conveyed.''

In *Stukeley* v. *Butler*, Hob., 305, it is said: "Like law is of the use of an habendum, that if, by your premises, you have given no certain nor express estate than that otherwise the law would give, you may alter and abridge—nay, you may utterly frustrate—it by the habendum." To the same effect, see 3 Washb. Real Prop., p. 466 *et seq.*, especially section 61; Martind. Conv., sec. 111; 1 Devl. Deeds, secs. 216, 213, 214. And see, specially, the very striking case of *Henderson* v. *Mack*, 82 Ky., 379, where the court say: "The proper end of all rules of construction is to effect the intention of the parties to the instrument; and the intention of the grantor in a deed is to govern, when it can be ascertained, equally as in the case of other instruments. In arriving at it the entire paper must be considered. Blackstone says that the construction 'must be made upon the entire deed, and not entirely upon disjointed parts of it.'" If clauses are repugnant to each other, they must be reconciled if possible; and the intent, and not the words, is the principal thing to be regarded. "The technical rules of construction are not to be resorted to when the meaning of the party is plain and obvious." As was well said in *Robinson* v. *Payne*, 58 Miss., 692, "the intention must prevail, whether it is discovered in the first or the last clause of the instrument." See, also, note to *Dodge* v. *Railroad Co.* (Mass.), 13 Law. Rep. Ann., 318, 319. This deed does not stop with the statutory form. The words "convey and warrant" are not left to have the meaning and effect which they would have had had the statutory form alone been used, namely, to convey all the estate, right, title and possession of the grantor. The grantor does clearly express, in terms of her own choosing, her actual intent, to wit, that possession is not to be delivered till her death. She reserved a life estate. In such case, the words "convey and warrant," which pass all the grantor's estate by virtue of legal implication alone, where the statutory form of conveyance is used, must yield to the actual intent, thus elsewhere in the deed plainly declared, just as the words

"grant, bargain and sell" operate as an express covenant that the grantor was seized, etc. (see § 2440, code 1892), only where not "limited by express words contained in the conveyance." The grantor does not leave it to legal implication; she clearly defines and declares the estate she means Williams to have. Williams is to pay all taxes, state, county and city, during the term of the life estate. He is not to furnish lodging, because she retains possession till death. He is to clothe and feed her, and at her death, in return for these considerations, he is to have the property. There really is no habendum clause in this deed, unless we regard the explanatory clause, "it being hereby understood that possession of said property is to be given at my death," as being such a clause. Plainly, on this deed, Lucy Gardner reserved to herself a life estate for her life, and this passed under the execution sale to appellant. Code 1892,. § 3498. It follows that

*The judgment must be reversed, and a judgment entered here for appellant.*