MARTHA H. LOTT *v.* WILSON W. PAYNE ET AL.

1. DEEDS. *Easement. Ejectment. Right of way. Possession.*

> The owner of the legal title to a strip of land may maintain ejectment therefor against a defendant exercising exclusive possession thereof, although the latter have a right of way over the same.

2. SAME.

> A deed to a strip of land limiting the grantees interest to "a private easement or for street purposes only," does not authorize the grantee to take exclusive possession of the land.

FROM the circuit court of Lauderdale county.

HON. GUION Q. HALL, Judge.

Mrs. Lott, appellant, was plaintiff in the court below; Payne and others, appellees, were defendants there. The action was an ejectment, and from a judgment in defendant's favor the plaintiff appealed to the supreme court.

The suit was brought to recover a strip of land lying between lots owned by appellant and appellees in Meridian. It was

agreed between the parties that the common source of title was
D. C. Durham. Appellant introduced a deed from D. C. Dur-
ham to herself, conveying the strip of land sued for, and other
lands adjoining. This deed was dated March .14, 1901. She
then introduced her husband, who testified, describing the strip
of land and how it was situated, and also as to the acts of ap-
pellees in taking possession exclusively of the strip, and rested.
Appellees introduced a deed from Durham to W. D. Wither-
spoon, conveying, in consideration of $1,500, some lands ad-
joining the strip sued for, dated November 9, 1892. This deed
contains the following recital: "For and in consideration of the
sum aforesaid, I also convey and warrant to W. D. Witherspoon,
his heirs and assigns, the following described strip of land
[here describing the land sued for]; said strip of land to be
used by said W. D. Witherspoon, his heirs and assigns, as a
private easement, or for street purposes." The deed from
Witherspoon to appellee Payne was dated June 6, 1894. This
deed, after describing this strip of land, uses these words: "Said
strip or parcel of land last described, to be used by said Payne
in common with the grantor as a private easement for street
purposes only." The court below gave a peremptory instruc-
tion for defendants.

*Neville & Wilborne,* for appellant.

Appellant's contention was and is that she is the owner of
the said forty-foot strip of ground, subject to the easement
therein created by the deed of Durham to Witherspoon in favor
of said Witherspoon and his grantees, who are the appellees;
that appellees only acquired an easement in said forty-foot strip
by virtue of the conveyance under which they claim, and that
appellant was entitled to bring ejectment, appellees having
taken exclusive possession of the property. Appellant does not
dispute appellee's right to use the forty-foot strip of ground as
a private street, and does not seek to interfere with appellee's
right of way over said premises.

The phrase, "said strip of ground to be used as a private easement, or for street purposes only," were inserted before the particular description of the said strip, and form a part of the habendum clause, and limit or qualify or characterize the estate conveyed, as being merely as easement, or a right of way for street purposes over the same. It was the right of way over said strip of ground for street purposes only, that Durham conveyed to Witherspoon, not the absolute fee upon any condition subsequent as to its use, and the phrase from the deed above quoted, was such language as would naturally be employed to characterize the estate conveyed as simply an easement. *Robinson* v. *Miss. R. R. Co.,* 59 Vt., 426 ; Washburn's Real Property, sec. 59 ; *Flaten* v. *City of Moorehead,* 53 N. W., 807 ; *Richards* v. *Church,* 20 How. Prac., 317 ; *Gay* v. *Walker,* 58 Am. Dec., 734 ; *Fuller* v. *Arens,* 45 Vt., 400 ; *Mansfield* v. *Place,* 93 Mich., 450 ; *Winthrop* v. *Fairbanks,* 41 Me., 312 ; *Wiley* v. *Sirdonis,* 41 Ia., 224; *Smith* v. *Highbee,* 12 Vt., 113 ; *Lemon* v. *Graham,* 131 Pa., 447; *Hart* v. *Gardner,* 74 Miss., 153 ; *Gordon* v. *Sizer,* 39 Miss., 805 ; 10 Am. & Eng. Enc. Law (2d ed.), 473 and notes.

*S. A. Witherspoon,* for appellee.

The deed from D. C. Durham, the common source of title to the appellant, Mrs. Lott, was made in 1901, and at that time Durham was powerless to convey to the appellant any interest whatever in the land, for the reason that he had conveyed all his interest therefor to W. D. Witherspoon, in 1892. Having parted with his title, his vendee, Mrs. Lott, got nothing by the deed, under which she claims title to the land. It is very difficult to tell what sort of interest the appellant claims in the land, or what sort of interest she concedes to the appellees. If it be claimed on behalf of the appellant that she has an easement in the land, as is suggested by her effort to prove that she and her family used it as such, the double answer to this contention is, both that she did not use it exclusively for a suffi-

cient length of time to confer such right, and also that she had an easement on the land, such right would not support action of ejectment. 10 Am. & Eng. Enc. Law, 474-3; *Union Canal Co.* v. *Young,* 30 Am. Dec., 214; *City of Racine* v. *Crotensburg,* 50 Am. Rep., 150.

The words in the deed by which the appellant endeavors to defeat the estate granted are the words: "Said strip of land to be used as a private easement or for street purposes."

These words, however, are manifestly words limiting the use to which the property should be put, and express no intention whatever that the vesting of the estate should depend on their use of the property, or that the divesting of the title should be accomplished by the misuse of the property. These words, as used in this deed, are very similar to the words of the deed construed in the case of *Brown* v. *Caldwell,* 48 Am. Dec., 376; in which the court held that the use of such words did not create an estate with conditions subsequent, and that the neglect or failure to use the granted premises for the purposes therein directed, did not cause a forfeiture, or revest the estate granted in the grantor or his heirs.

Argued orally by *W. H. Hardy,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

It is perfectly manifest that the language, "said strip of ground to be used as a private easement or for street purposes only," was meant to clearly limit the estate granted by Durham to Witherspoon, and by Witherspoon to appellees. *Hart* v. *Gardner,* 74 Miss., 153; 20 South., 877; *Robinson* v. *Miss. R. Co.,* 59 Vt., 426; 10 Atl., 522; *Richards* v. *The Church,* 20 How. Prac., 317, and other authorities cited by counsel for appellant. It was manifest error to refuse to reopen the case and permit Durham, the grantor, to show the whole environment— the situation of the parties and of the property at the time of the execution of the deed to Witherspoon, and at the time of

the execution of the deed of Witherspoon to appellees. But sufficient appears from the testimony admitted to show that the parties all intended the words quoted as qualifying and limiting Witherspoon's and appellee's right to the mere easement and use of the strip in controversy, as a right of way for street purposes, and that the action of all parties has conformed to this intention. The thing to be ascertained in the construction of a deed, as in the construction of any other contract, is the intention of the parties, and that intention is perfectly manifest here. Under the two deeds in evidence, appellees have the easement, but Mrs. Lott the title to the fee; and under the testimony showing that appellees have taken exclusive possession of the strip, and appropriated it as if it were their own, to the utter exclusion from it of the appellant, it is clear that ejectment was maintainable by appellant against appellees. This is expressly decided in this state in *Gordon* v. *Sizer,* 39 Miss., 805, and announced as the correct rule in the Am. & Eng. Enc. Law (2d ed.), vol. 10, pp. 473, 474.

*Reversed and remanded.*