FELD, et al. *v.* YOUNG MEN'S HEBREW ASS'N. OF VICKSBURG.

In Banc. Feb. 27, 1950.

No. 37390 (44 So. (2d) 538)

J. D. Thames, and **Dent & Ward,** for appellants.

454

Vollor, Teller & Biedenharn, for appellee.

**Hall, J.**

Appellee owns a lot in the City of Vicksburg which fronts upon the North side of Clay Street for a distance of 50 feet, and upon the West side of Walnut Street for a distance of 147½ feet. This property was acquired by its predecessor in title from Adolph Rose and Rosalie Brown in 1892 and it has for many years maintained a building upon said lot which houses a social club operated pursuant to its charter of incorporation. The deed of conveyance to said lot contains the following reservation:

"It is further expressly agreed and understood and we reserve for ourselves and assigns, a perpetual right of way not exceeding twenty-two and one-half feet wide across the extreme northern end of the property hereby conveyed, for the passage of persons, mules, horses, carts, wagons, buggies and vehicles of like description to and

from the property now owned by us in said Lot 202, it being, however, distinctly understood and agreed that the B. B. Literary Stock Company or its assigns may build over said right of way, provided they leave space sufficient for the convenient use of said right of way for the purposes mentioned. But the above right of way is not to be construed in any way as a public right of way but simply as a right of way for the use and benefit of said Adolph Rose and Rosalie Brown and assigns, as above stated."

The right of way above mentioned is now owned by appellants and is used by them as a means of access to the rear door and loading platform of their furniture business which is situated in a building immediately West of said lot and fronting upon Clay Street. Appellee's building is constructed over the space of 22½ feet described in the right of way reservation, but with an opening across said space underneath the second floor sufficient to furnish appellants full and free ingress and egress to and from their furniture business at all times with motor trucks and delivery vehicles.

A few years ago appellants conceived the idea that they had the exclusive right to the use of said right of way notwithstanding the fact that appellee's building is so constructed that there are four entrances from the ground floor thereof into said 22½ ft. space, and that these entrances had been used by appellee for many years. So persistent became the claim of appellants to their use of said right of way for parking automobiles and trucks in the unused portion thereof to the exclusion of appellee and all its members that this suit was finally instituted by appellee seeking a perpetual injunction against appellants to restrain them and their employees and agents from utilizing said space for any purpose other than a right of way as an actual means of access to their property.

The cause was heard by the Chancellor upon oral and record evidence and he entered a decree enjoining appellants and their employees and agents from utilizing said

22½ ft. space, either on foot or by any character of vehicle, for other than a right of way and actual means of access to their said property, but the decree further restrains appellants "from trespassing" upon said space without defining what would constitute a trespass, and further enjoins and restrains them "from wrongfully thwarting the use of said alleyway by the complainant and its members, provided the said use does not unreasonably and harmfully interfere with the right of the defendants as a means of access or passage to and from the premises" owned by them lying West of the alleyway. From this decree Feld and wife have appealed and the appellee has prosecuted a cross-appeal.

In the case of Quin v. Sabine, 183 Miss. 375, 183 So. 701, 702, where Quin merely had an easement for a roadway, this court said: "But even so, appellant has not become the owner of the land upon which the roadway is located. He owns an easement therein for a roadway only. He may work the road so as to keep it reasonably usable as a private way, but he cannot lawfully take dominant possession and deal with it as if he were the owner of the land". In the earlier case of Lott v. Payne, 82 Miss. 218, 33 So. 948, 100 Am. St. Rep. 632, it was held that a deed to a strip of land limiting the grantee's interest to "a private easement, or for street purposes only" does not authorize the grantee to take exclusive possession of the land.

In situations such as here presented the law is succinctly but clearly stated in 2 Thompson on Real Property, Permanent Edition, p. 190, Section 584, as follows: "Where a private right of way exists, the owners of the dominant and servient tenements must use such way in such a manner so as not to interfere with one another's utilization thereof. The grant of a right of way over land does not pass any other right or incident. The owner of the soil retains full dominion over his land subject merely to the right of way. He may make any use of his land which does not interfere with a reasonable use

of the way." See also C. J. S., Easements, pp. 770-772, Section 91, and 17 Am. Jur. p. 993-996, Easements, Section 96-98.

 In view of these authorities we are of the opinion that the decree of the Chancellor is correct in enjoining and restraining appellants from utilizing said 22½ ft. space for any purpose other than a right of way and actual means of ingress and egress to and from their property. We are further of the opinion that appellants have a dominant estate in said space, but only as a perpetual right of way for said purposes of ingress and egress, and not as a parking space for vehicles except such parking as may be reasonably necessary for the loading and unloading of goods, wares and merchandise transported to and from appellants' building, but that said dominant estate or easement is not exclusive to the extent of preventing the utilization of said space by appellee so long as such use by appellee does not interfere with the use of said space by appellants in the enjoyment of the dominant estate vested in them for right of way purposes, and the decree is modified to this extent.

 On cross-appeal the appellee contends that it was entitled to recover damages by way of attorneys' fees. This contention was denied by the lower court and we think such action was correct as the only hearing of this cause was a full trial upon the merits. We specifically pretermit a decision of the question whether a complainant in an injunction suit is ever entitled to recover attorneys' fees.

The decree of the lower court is therefore affirmed as above modified, at appellants' costs.

Affirmed as modified.