IRVING, P.J.,
 

 for the Court:
 

 ¶ 1. Daniel A. Gaw owns a forty-foot easement over Davie Seldon’s property. Davie purchased the property in 2006, but he does not live on the property. Davie’s son, John Seldon, lives on the property. In 2009, John erected brick columns at the entrance to the property, which encroached upon Gaw’s easement. The same year, Gaw contacted the Marshall County Health Department to report the existence of waste water on his property. Following an inspection, the Health Department determined that the water was originating from the septic tank on Davie’s property. On December 22, 2009, Gaw filed a complaint in the Marshall County Chancery Court, seeking the removal of the brick columns because they encroached upon his easement. Additionally, Gaw alleged that the waste water leaking from Davie’s septic tank onto his property constituted a trespass and a private nuisance. Davie filed a cross-complaint alleging that Gaw had interfered with his property while repairing the easement.
 

 ¶ 2. The chancery court denied all of Gaw’s claims and Davie’s cross-claim. The court ordered that the brick columns could remain until such time that Gaw demonstrated that they impeded the use of his easement. Additionally, the court found that the septic tank had been repaired and
 
 *315
 
 did not constitute a private nuisance or a trespass.
 

 ¶ 3. Feeling aggrieved, Gaw appeals and argues that the chancery court erred in: (1) finding that the brick columns could remain even though they encroached upon his easement, (2) finding that the waste water from Davie’s septic tank did not constitute a nuisance or a trespass, and (3) admitting evidence and testimony that was not produced in discovery. Davie did not file a cross-appeal or an appellate brief.
 

 ¶ 4. Because the chancery court failed to find that the waste water that leaked on to Gaw’s property from Davie’s septic tank constituted a nuisance, we reverse the judgment of the chancery court as to that issue and render an award of $10 in nominal damages in favor of Gaw.
 

 FACTS
 

 ¶ 5. In 2001, Gaw purchased sixty acres of real property located in Red Banks, Mississippi, from Lois Anderson, which included a forty-foot easement. The easement is reflected on the deed to the property, which was recorded. Gaw also purchased property adjoining the sixty-acres from Doug Anderson, upon which Gaw and his wife have lived since 2004. In 2006, Davie purchased property from Lois, including the property upon which Gaw’s easement is located. Davie’s son, John, lives on the property. Davie testified that his deed did not reflect Gaw’s easement, nor was it discovered through the title search.
 

 ¶ 6. John testified that, sometime in 2007, Gaw approached him regarding the easement. Additionally, John stated that Gaw had mailed a copy of the deed reflecting his easement to Davie. However, John maintained that the deed held by his father did not mention the easement. In an effort to resolve the dispute over the existence of Gaw’s easement, John had the property surveyed. The survey confirmed the existence of Gaw’s easement over Da-vie’s property.
 

 ¶ 7. In 2008, Gaw hired Mike Atkins to survey the property. Atkins marked the easement using flags and iron rods; however, as he performed his work, John confronted him and ordered him off of the property. The police were called, but Atkins was allowed to complete the survey.
 

 ¶ 8. On June 26, 2009, Gaw filed a complaint with the Health Department due to the existence of waste water on his property. Following an investigation, the Health Department determined that the water was coming from septic tanks located on Davie’s property and a neighboring property owned by Patricia Marley. The Health Department mailed enforcement notices to Davie and Marley, informing them that they had thirty days to repair or replace their septic systems. The Health Department approved Marley’s repairs to her system on September 9, 2009. Davie’s septic tank had to be replaced rather than repaired. John, who was a licensed septic-tank installer, testified that rain inhibited his ability to install the new septic tank, and he did not finalize the installation until December 29, 2009. Derrick Sullivan, a representative from the Health Department, confirmed that rain had delayed the installation, but he also testified that the Health Department had initiated legal proceedings against Davie in the Marshall County Justice Court on October 5, 2009, based on his failure to timely comply with the department’s enforcement notice. However, once the new septic tank was installed and approved, the Health Department asked the justice court to dismiss the case.
 

 ¶ 9. In November 2009, John erected two brick columns marking the entrance to the Seldons’ property. In response, Gaw
 
 *316
 
 hired Atkins to perform a second survey, which revealed that the brick entrance encroached upon his easement by nine and one-half feet. Gaw’s attorney sent Davie a letter advising him that the brick entrance encroached upon Gaw’s easement, and demanding that he remove it within seven days. When Davie failed to remove the entrance, Gaw filed his complaint, seeking removal of the columns.
 
 [1]
 

 ¶ 10. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 11. At the outset, we note that Davie did not file an appellate brief. Generally, “[f]ailure of an appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of appealing party, that there was no error.”
 
 Sanders v. Chamblee,
 
 819 So.2d 1275, 1277 (¶ 5) (Miss.2002) (quoting
 
 Dethlefs v. Beau Maison Dev. Corp.,
 
 458 So.2d 714, 717 (Miss.1984)). However, “[w]here the appellant’s brief makes out an apparent case of error, we do not regard it as our obligation to look to the record to find a way to avoid the force of the appellant[’s] argument.”
 
 Id.
 
 (quoting
 
 Dethlefs,
 
 458 So.2d at 717). Based on our review of the record, and as discussed more fully below, we cannot say with confidence that the chancery court did not err.
 

 ¶ 12. An appellate court employs a limited standard of review in chancery matters.
 
 Miller v. Parker McCurley Prop., LLC,
 
 36 So.3d 1234, 1239 (¶ 9) (Miss.2010). Accordingly, a chancery court’s findings will not be disturbed on appeal “unless the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard.”
 
 Id.
 
 (quoting
 
 Powell v. Campbell,
 
 912 So.2d 978, 981 (¶ 8) (Miss.2005)). However, questions of law are reviewed de novo.
 
 Id.
 

 1. Encroachment Upon Gaw’s Easement
 

 ¶ 13. Gaw argues that the chancery court erred in finding that John’s brick columns could remain standing even though they encroached upon his easement. Gaw contends that he is entitled to damages based on the encroachment. Da-vie’s property was subject to Gaw’s perpetual, forty-foot easement for the purpose of ingress and egress. As the easement owner, Gaw holds the dominant tenement. Davie, as the property owner, holds the servient tenement.
 

 ¶ 14. “Where a private right of way exists, the owners of the dominant and servient tenements must each use the way in such a manner as not to interfere with one another’s utilization thereof.”
 
 Kennedy v. Anderson,
 
 881 So.2d 340, 346 (¶ 25) (Miss.Ct.App.2004) (quoting
 
 Feld v. Young Men’s Hebrew Ass’n,
 
 208 Miss. 451, 458, 44 So.2d 538, 540 (1950)). Furthermore, “[t]he grant of a right of way over land does not pass any other right or incident. The owner of the soil retains full dominion over his land subject merely to the right of way. He may make any use of his land which does not interfere with a reasonable use of the way.”
 
 Feld,
 
 208 Miss. at 458-59, 44 So.2d at 540 (citation omitted).
 

 
 *317
 
 ¶ 15. The chancery court found that while the brick columns encroached upon Gaw’s easement, they did not interfere with his reasonable use of it. As stated above, the columns encroached upon Gaw’s forty-foot easement by nine and one-half feet. However, Gaw testified that the columns did not presently impede his ability to use the easement for ingress and egress to his property, which is the express purpose of the easement. While Gaw testified that he plans to build a barn and a house on the property in the future, and the columns might prevent large pieces of construction equipment from traveling along his easement, he admitted that he had not begun construction on either project. Consequently, the chancery court did not err in allowing the columns to remain until such time that Gaw could show that they interfered with his use of the easement. This issue is without merit.
 

 2. Nuisance & Trespass
 

 ¶ 16. Gaw argues that the chancery court erred in finding that the waste water that leaked from Davie’s septic tank onto Gaw’s property did not constitute a nuisance or a trespass. In refusing to find that the waste water constituted a nuisance or a trespass, the chancery court reasoned that John had replaced the tank as soon as practicable given the rainy weather and that following the septic tank’s replacement, waste water was no longer leaking on to Gaw’s property.
 

 a. Nuisance
 

 ¶ 17. “A private nuisance is a nontrespassory invasion of another’s interest in the use and enjoyment of his property.”
 
 Biglane v. Under the Hill Corp.,
 
 949 So.2d 9, 14 (¶ 18) (Miss.2007) (quoting
 
 Leaf River Forest Prod., Inc. v. Ferguson,
 
 662 So.2d 648, 662 (Miss.1995)). A private nuisance arises where a landowner uses his property in a manner that “unreasonably annoyfs], inconvenience[s], or harm[s] others.”
 
 Id.
 
 (quoting
 
 Ferguson,
 
 662 So.2d at 662). Liability for a private nuisance requires “an invasion of another’s interest in the private use and enjoyment of land [where] that invasion is either (a) intentional and unreasonable, or (b) unintentional but otherwise provides the basis for a cause of action for negligent or reckless conduct or for abnormally dangerous conditions or activities.”
 
 Id.
 
 at (¶ 19) (quoting
 
 Ferguson,
 
 662 So.2d at 662).
 
 [2]
 

 ¶ 18. A determination of liability for a private nuisance requires consideration of the interest invaded (use and enjoyment of property) and the type of conduct that caused the invasion (intentional or unintentional).
 
 See
 
 Restatement (Second) Torts § 822 cmt. c. (1977). “A person is subject to liability for an intentional invasion when his conduct is unreasonable under the circumstances of the particular case, and he is subject to liability for an unintentional invasion when his conduct is negligent, reekless[,] or abnormally dangerous.”
 
 Id.
 

 ¶ 19. John testified that the septic tank was on the property when his father purchased it in 2006. During the time John lived on the property, he testified that he had no problems with the system. John testified that he did not know the septic tank was malfunctioning until the Health Department notified him. However, Gaw testified that the leaking waste water was “like having a river flow through [his] property.” Additionally, the leak was significant enough to prompt an investigation by the Health Department. Finally, John
 
 *318
 
 admitted that he was a licensed septic-tank installer.
 

 ¶20. Based on the extent of the leak and on John’s septic-tank expertise, we cannot say that the Seldons were not negligent for allowing waste water to flow on to Caw’s property. Therefore, the chancery court erred in failing to find that the waste water constituted a nuisance.
 

 ¶ 21. While Gaw testified that the leaking waste water was “like having a river flow through [his] property” and that he “just about sunk a tractor” trying to navigate through the wet ground, he provided no proof of actual damages suffered as a result of the waste water. Nonetheless, he is entitled to nominal damages.
 
 See Love Petroleum Co. v. Jones,
 
 205 So.2d 274, 276 (Miss.1967) (stating that a landowner who fails to prove actual damages stemming from a nuisance is entitled to at least nominal damages).
 

 ¶ 22. The Mississippi Supreme Court has previously held that where the only issue to be resolved is an award of nominal damages, an appellate court may “revers[e] and renderf ] an award of nominal damages without the necessity of remand or retrial.”
 
 Whitten v. Cox,
 
 799 So.2d 1, 18 (¶ 47) (Miss.2000) (citing
 
 Daniel v. McNeel,
 
 221 Miss. 666, 668, 74 So.2d 753, 754 (1954)) (rendering an award of $10 where the only remaining issue was a determination of nominal damages). Accordingly, we reverse and render as to the nuisance issue and award Gaw nominal damages of $10.
 

 b. Trespass
 

 ¶ 23. Liability for trespass requires proof of: (1) interference with the right of exclusive possession of one’s land and (2) an invasion that is the “direct result of some act committed by the defendant.”
 
 Thomas v. Harrah’s Vicksburg Corp.,
 
 734 So.2d 312, 315 (¶ 7) (Miss.Ct.App.1999) (quoting W. Page Keeton et al., ProsseR and Keeton on Torts, § 13 at 67 (5th ed.1984)). Additionally, because trespass is an intentional tort, there must be proof that the trespasser “inten[ded] to enter upon the particular piece of land in question.”
 
 Id.
 
 at 316 (¶ 8) (quoting Restatement (Second) Torts § 163 cmt. b (1977)).
 

 ¶ 24. As discussed above, Gaw failed to prove actual damages stemming from the waste water. Therefore, even if we were to find that the waste water constituted a trespass, Gaw would only be entitled to an award of nominal damages.
 
 See Whitten,
 
 799 So.2d at 18 (¶ 46) (noting that every trespass gives the owner the right to at least nominal damages). However, we need not reach the trespass issue given that “double recovery for the same harm is not permissible.”
 
 City of Jackson v. Estate of Stewart ex rel. Womack,
 
 908 So.2d 703, 711 (¶ 41) (Miss.2005) (citation omitted) (refusing to allow double recovery where the damages for two separate causes of action were the same).
 

 3. Admission of Evidence Not Provided in Discovery
 

 ¶ 25. As his final issue, Gaw argues that the chancellor erred in admitting evidence at the hearing that was not produced in discovery. According to Gaw, Davie did not respond to any discovery requests. As such, Gaw contends that Da-vie should not have been permitted to present evidence at the hearing. “A trial court has considerable discretion regarding discovery matters.”
 
 Estate of Bolden ex rel. Bolden v. Williams,
 
 17 So.3d 1069, 1072 (¶ 14) (Miss.2009) (citing
 
 Dawkins v. Redd Pest Control Co.,
 
 607 So.2d 1232, 1235 (Miss.1992)). However, “[exclusion of evidence for a discovery violation is an extreme measure, and lower courts should exercise caution before doing so, because
 
 *319
 
 our courts are ‘courts of justice and not of form.’ ”
 
 Id.
 
 (quoting
 
 Caracci v. Int’l Paper Co.,
 
 699 So.2d 546, 556 (¶ 17) (Miss.1997)).
 

 ¶ 26. Under the Mississippi Rules of Civil Procedure, “failure to make or cooperate in discovery should first be resolved by making a motion in the proper court requesting an order compelling such discovery.”
 
 Caracci,
 
 699 So.2d at 557 (¶ 19) (citing M.R.C.P. 37(a)(2)). “After such an order to compel has been granted under [Rule] 37(a)(2), and the party ordered to answer fails to respond, then the remedy may be sanctions in accordance with [Rule] 37(b) [of the Mississippi Rules of Civil Procedure],” which include the exclusion of evidence not disclosed in discovery.
 
 Id.
 
 (citation omitted); M.R.C.P. 37(b)(2)(B).
 

 ¶ 27. Based on our review of the record, Gaw propounded discovery on Davie in the form of interrogatories and requests for production of documents on February 23, 2010. However, there is no evidence that he filed a motion to compel with the court when Davie failed to respond. At the hearing on August 16, 2010, Gaw’s attorney brought up Davie’s failure to respond to discovery, and the chancellor offered to entertain a motion for a continuance so that Gaw could obtain the necessary discovery. However, Gaw’s attorney stated that she did not want to continue the case.
 
 [3]
 

 ¶ 28. In
 
 Caracci,
 
 our supreme court held that where a party is aware of the opposing party’s failure to fully answer discovery, they may not wait until trial to object to the discovery violations and then ask the court to exclude evidence not disclosed in discovery.
 
 Caracci,
 
 699 So.2d at 557 (¶ 22). Instead, that party is required to ask the court to compel the opposing party to comply with discovery requests.
 
 Id.
 

 ¶ 29. Because Gaw failed to file a motion to compel and refused the chancery court’s offer to continue the case, we cannot say that the court abused its discretion in admitting certain evidence not produced in discovery. This issue is without merit.
 

 ¶ 30. THE JUDGMENT OF THE MARSHALL COUNTY CHANCERY COURT IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT AND ONE-HALF TO THE APPELLEE.
 

 LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR. ROBERTS, J„ NOT PARTICIPATING.
 

 [1]
 

 . As mentioned previously, Gaw's complaint also alleged trespass and private nuisance based on the waste water flowing onto his property from Davie’s septic system. At the time Gaw filed his complaint, the Seldons had yet to complete the installation of the new septic tank.
 

 [2]
 

 .
 
 Mississippi has adopted the elements found in the Restatement (Second) of Torts § 822 (1977).
 

 [3]
 

 . Based on Gaw's attorney's statements at the hearing, she had previously brought up Da-vie's failure to respond to discovery at the hearing on Davie's motion to continue. However, neither Davie’s motion for a continuance, Gaw’s response to the motion, nor the transcript from the hearing on the motion is included in the record. The chancery court’s order granting the continuance is included in the record before us, but it does not address discovery or order Davie to respond to outstanding discovery.